60 F.3d 828
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James E. BENNETT, Plaintiff-Appellant,
Sudbury, Inc., Intervenor-Plaintiff-Appellee,
v.
Tinkham VEALE, II, et al., Defendants.
 Nos. 93-3016, 93-4180.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1995.
 
 On Appeal from the United States District Court, for the Northern District of Ohio, No. 85-02685; George W. White, Chief Judge; No. 92-02057; Thomas D. Lambros, Judge.
 N.D. Ohio
 DISMISSED.
 Before: CELEBREZZE, KEITH and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case involves two separate appeals consolidated together before the Sixth Circuit.
 
 
 2
 On August 18, 1992, Judge Snow of the Bankruptcy Court for the Northern District of Ohio entered an Order confirming the Third Amended Plan of Reorganization of Sudbury, Inc. Appellant appealed the Order to the United States District Court for the Northern District of Ohio. The district court affirmed the bankruptcy court's decision confirming the reorganization plan.
 
 
 3
 Appellant was also the named plaintiff in a separate shareholder's derivative suit, filed on Sudbury's behalf pending in a separate courtroom of the Northern District of Ohio. Appellant filed this action on September 26, 1985. The derivative claims were raised pursuant to Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, 17 C.F.R. 240.10b 5. As an element of the reorganization plan approved above, Sudbury, under its status as the nominal plaintiff in the derivative suit, dismissed the derivative suit with prejudice.
 
 
 4
 Plaintiff-appellant Bennett now appeals from both decisions.
 
 I.
 
 5
 Plaintiff filed the derivative action against the officers and directors of Sudbury in 1985 alleging a breach of securities laws emanating from a private stock offering of $3.2 million of Sudbury stock. The gist of this derivative action was plaintiff's assertion that the price charged was below market price. Plaintiff also asserted that Sudbury made false and misleading statements to the public about the nature of the offering. Plaintiff sought $20 million in compensatory damages and another $20 million in punitive damages. After the initial filing, all parties aggressively litigated the case. It was referred to a Magistrate, however, at which point the activity level abated until the case reached an inactive state.
 
 
 6
 In the meantime, Sudbury began experiencing economic difficulties. In August 1990, Sudbury defaulted to its creditors, which resulted in a series of attempted negotiations in an effort to restructure the debt. Nevertheless, in January, 1992, Sudbury filed for voluntary bankruptcy pursuant to Chapter 11. After Sudbury bargained extensively with the financial institutions involved and the secured and unsecured creditors, a plan for reorganization emerged.
 
 
 7
 Not all parties, however, were satisfied. Plaintiff, the Securities and Exchange Commission, and others with claims against Sudbury objected to the plan, as offered, because it called for a release from any liability of the former officers and directors of Sudbury. Sec. 524(e) of the Bankruptcy code specifically prohibits such a release. The bankruptcy court ruled, however, that the code did not apply to the derivative action, but would apply to any direct claims against Sudbury. Thus, the bankruptcy court was compelled to reject the plan. Negotiations again commenced and an amended plan for reorganization was developed. On September 1, 1992, the amended plan was confirmed by the bankruptcy court.
 
 
 8
 The Reorganization Plan required that Sudbury release and discharge its directors from any and all of the claims brought in the derivative action. The bankruptcy court ordered Sudbury to intervene in the derivative suit, thus making it the nominal plaintiff.[1] Accordingly, it was within Sudbury's authority to voluntarily dismiss the suit with prejudice. The bankruptcy court specifically found that said dismissal was an integral part of the plan and important to the overall objective of the reorganization.
 
 
 9
 Plaintiff appealed the bankruptcy court's confirmation order. It is critical to note that at no time did plaintiff attempt to stay the Order. Hence, Sudbury was required, and did in fact, commence the implementation of the reorganization plan. Sudbury moved the district court to dismiss the appeal contending that the implementation of the plan, as it had already progressed, mooted the issues. The district court, however, denied the motion. Then, addressing the appeal on the merits, the district court held that the release was important to the overall objective of the plan and affirmed the bankruptcy court.
 
 
 10
 Plaintiff appealed the district court's affirmance on the merits.
 
 II.
 
 11
 With respect to the derivative suit, Sudbury's motion to intervene was granted over plaintiff's objections. Sudbury then dismissed the case with prejudice. Plaintiff also appeals that decision.
 
 
 12
 Both cases are consolidated for the present appeal.
 
 III.
 
 13
 Before analyzing the merits of the case, this court must first address the issue of mootness. Sudbury has filed a Motion To Dismiss this case contending that the further implementation of the Reorganization Plan has made it impossible to decide the issues which were originally presented. Moreover, Sudbury argues that it was appellant's failure to attempt to seek a stay pending appeal which has prejudiced his own rights of appeal.
 
 
 14
 In general an appeal is moot if a court is not in a position to grant the relief requested. Deakins v. Monaghan, 484 U.S. 193, 199 (1988). See also In Re Public Service Co., 963 F.2d 469, 471 (1st Cir.), cert. denied, 113 S.Ct. 304 (1992). Although plaintiff concedes that the Reorganization Plan has been consummated, he argues that the derivative action can be separated from the rest of the plan. Accordingly, in order to determine whether this issue is moot, this court must determine whether "piecemeal" modification of the bankruptcy reorganization plan is possible or desirable.
 
 
 15
 Whether or not piecemeal modification can be ordered must be analyzed based upon the specific facts of a given case. In Re Specialty Equipment Cos., 3 F.3d 1043, 1048 (7th Cir. 1993). The court must consider whether a stay was sought or obtained; the type of relief sought and the impact on other parties or third parties not involved in the suit. Id. It should be noted that a failure to seek a stay, such as in the case at bar, is not determinative in and of itself, however, it is a consideration. Id. In the case sub judice, the bankruptcy court specifically found that the release of the derivative claim was "in the best interest of [Sudbury], its estate and its creditors." (Confirmation Order at 8, p21.). The bankruptcy judge further found that the release "is important to the overall objectives of the Plan, which objectives include ... the final resolution of all claims among or against the parties in interest in this case with respect to [Sudbury], its organization, capitalization, operation and reorganization." Finally, the judge noted that without the releases there would be no possibility of reorganization. (7/29/92 Tr. at 98). Of course, factual findings of the bankruptcy court will not be reversed unless clearly erroneous.
 
 
 16
 The indemnity provision of the plan provides that Sudbury will indemnify its former officers and directors. Obviously, this would result in a financial loss to Sudbury. A financial loss clearly affects the value of Sudbury which affects the value given to the creditors as part of the settlement.
 
 
 17
 The appeal at bar must now be dismissed for mootness. The Reorganization Plan is substantially completed. It would be a hardship and unfair to all parties to go back. Furthermore, the release provisions argued in the derivative suit are integral to the Reorganization Plan's formulation and acceptance. It cannot be severed for separate consideration. The issues of this case simply cannot be addressed separate from the entire plan.
 
 
 18
 Accordingly, this court is without the ability to provide the relief requested.
 
 IV.
 
 19
 This appeal is hereby DISMISSED as moot.
 
 
 
 [1]
 It should be noted that although plaintiff brought the suit, it was a shareholder's derivative action, hence, it was brought on behalf of Sudbury